RAILWAY LABOR EXECUTIVES'
ASSOCIATION, et al., Petitioners,

v.

INTERSTATE COMMERCE
COMMISSION, et al.,
Respondents,

and

Daniel R. Murray, et al.,
Intervening Respondents.

Nos. 89–3148, 89–3208.

United States Court of Appeals,
Seventh Circuit.

July 12, 1990.

Before CUDAHY, POSNER, and
COFFEY, Circuit Judges.

## ORDER

In support of its petition for rehearing, Illinois Central argues that our decision permits the bankruptcy court to review as a referred proceeding the ICC's order granting SPCSL terminal trackage rights pursuant to 49 U.S.C. § 11103, a matter over which that court would not otherwise have jurisdiction. Illinois Central does not challenge, however, the court's order to the extent that it permits the bankruptcy court to review the ICC proceeding held pursuant to 49 U.S.C. §§ 11343, 11344, and specifically the Commission's order approving the transfer. If the bankruptcy court has exclusive jurisdiction to review the ICC's transfer order—which we held in our initial opinion and which Illinois Central does not challenge on rehearing—then that court is the proper forum to exercise review jurisdiction over the ICC's order granting terminal trackage rights, for these are closely related matters and in both the Commission is the exclusive forum in which the applications are to be made.

The referral from the bankruptcy court requested that the ICC act on SPCSL's sales application. Because of the central role that the track between Joliet and Chicago played in the proposed sale agreement, SPCSL requested either a determination that Illinois Central need not consent to assignment of the terminal rights agreement or an order condemning that track for its use under 49 U.S.C. § 11103. Regardless of the alternative chosen by the ICC, any action taken by the Commission in connection with the proposed transfer as part and parcel of the referred proceeding. . This includes the award of terminal trackage rights.

Illinois Central argues that because the bankruptcy court did not mention the issue of terminal trackage rights in its orders numbered 145 and 151 (the orders we found to constitute the referral), that issue cannot now be deemed part of the referral to the ICC. This position is contrary to our determination that the bankruptcy court judge is empowered to adopt the ICC proceeding as a referred proceeding retroac-

tively, 894 F.2d 915, 918 (7th Cir.1990), a determination we decline to reconsider.

The petition is therefore DENIED.